IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN BOGEN, <br> PSC 473 Box 3068 <br> FPO AP 96349 <br><br> *Plaintiff,* <br><br> v. <br><br> STEPHEN J. ERIKSSON, <br> in his official capacity as <br> Chief, Foreign Torts and Litigation Branch, <br> Medical, Tort, and Personal Property Division, <br> United States Department of the Air Force, <br> 1500 West Perimeter Road, Suite 1700 <br> Joint Base Andrews, MD 20762, <br><br> GARY A. ASHWORTH, <br> In his official capacity as acting <br> SECRETARY OF THE AIR FORCE, <br> 1690 Air Force Pentagon, <br> Washington, DC 20330–1670 <br><br> *Defendants.* | Civil Action No. 1:25-440 |

## COMPLAINT

*Introduction*

    Shawn Bogen's husband, Andrew Bogen, a father of six, tragically drowned at a swimming pool maintained by the Department of the Navy at Yokosuka Naval Base, Japan in August of 2022. Shawn Bogen brought claims on behalf of Andrew Bogen and herself under the Military Claims Act, 10 U.S.C. § 2733. Mr. Stephen J. Eriksson reviewed those claims in his official capacity as Chief, Foreign Torts and Litigation Branch, Medical, Tort, and Personal Property Division, in the United States Department of the Air Force. Mr. Eriksson refused to either settle and pay or deny Shawn Bogen's claims. Instead, he repeatedly insisted that she file a Federal Employees'

Compensation Act ("FECA") claim, despite Shawn Bogen's protests through counsel that her claims were not compensable under that statute.

Shawn Bogen now brings this action in the nature of mandamus to compel agency action under 28 U.S.C. § 1361, as well an action to compel agency action unlawfully withheld or unreasonably delayed under 5 U.S.C. § 706(1). Shawn Bogen seeks that this Honorable Court order Mr. Eriksson to either settle and pay or deny her MCA claims.

*Jurisdiction*

1. This Court has jurisdiction under the Mandamus Act, 28 U.S.C. § 1361: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Additionally, this Court has jurisdiction under 28 U.S.C. § 1331 and under 5 U.S.C. § 706(1), which together provide for redress in the district courts based on agency action unlawfully withheld or unreasonably delayed.

*Venue*

2. Venue is proper under 28 U.S.C. §1391(e)(1).

*Parties*

3. Plaintiff, Shawn Bogen, is citizen of the United States who resides at the address listed in the caption.

4. Defendant, Stephen J. Eriksson, serves as the Chief, Foreign Torts and Litigation Branch, Medical, Tort, and Personal Property Division, in the United States Department of the Air Force, a United States agency. Defendant is sued solely in his official capacity as an "officer or employee" of a United States agency. 28 U.S.C. §1361; *see* 5 U.S.C. § 706(1).

5. Defendant, Gary A. Ashworth, is sued in his official capacity as acting Secretary of the Air Force, an agency of the United States which resides at the address listed in the caption. Upon information and belief, Plaintiff avers that at all relevant times, Defendant Eriksson was acting upon authority delegated to him by Defendant Ashworth.

***Statement of the Facts***

6. Plaintiff, Shawn Bogen, is the widow of Andrew Bogen.

7. Shawn and Andrew Bogen were married for 35 years, and formed an enduring bond centered around mutual support, companionship, and shared responsibilities.

8. Andrew Bogen was employed by the Department of Defense Education Activity at Yokosuka Naval Base, Japan.

9. On August 29, 2022, Andrew Bogen went swimming for his own recreation, fitness, and leisure at the Purdy Fitness Center Pool, located on Yokosuka Naval Base and maintained by the Department of the Navy.

10. Although use of the pool was one of the perks of Andrew Bogen's employment, the Purdy Fitness Center Pool was not his workstation, nor was he carrying out any of his job responsibilities by swimming at the Purdy Fitness Center Pool that day.

11. On August 29, 2022, the Purdy Fitness Center Pool was staffed by on-duty lifeguards employed by the Department of the Navy.

12. While swimming, Andrew Bogen appears to have suffered a medical emergency. Failing to receive any medical assistance, Andrew Bogen drowned.

13. Despite several minutes of visible distress, the on-duty lifeguards failed to respond promptly.

14. When the lifeguards finally retrieved Andrew Bogen from the pool, resuscitation efforts were initiated but proved unsuccessful.

15. Andrew Bogen was pronounced dead shortly thereafter at the on-base medical facility.

16. An NCIS investigation was conducted during late August and into September of 2022.

17. An autopsy stated that Andrew Bogen's primary cause of death was "DROWNING/ACCIDENT."

18. On November 29, 2023, Shawn Bogen submitted *pro se* a personal injury-wrongful death claim under the Military Claims Act ("MCA"), 10 U.S.C. § 2733, to the Department of the Navy, based on Andrew Bogen's death at the Purdy Fitness Center Pool on August 29, 2022.

19. Under 10 U.S.C. § 2733(a)(3), the Secretary of a military department has the authority to "settle, and pay" any claim against the United States for the "personal injury or death" caused by a member of that Secretary's military department "acting within the scope of his employment."

20. 10 U.S.C. § 2733(b) outlines five requirements for a claim brought under 10 U.S.C. § 2733(a).

21. First, the claim must be presented in writing within two years after the claim accrues. 10 U.S.C. § 2733(b)(1).

22. Second, the claim must not be covered by 10 U.S.C. § 2734 or 28 U.S.C. § 2672. 10 U.S.C. § 2733(b)(2).

23. Third, the claim must not be for the "personal injury or death of such a member or civilian officer or employee whose injury or death is incident to his service." 10 U.S.C. § 2733(b)(3).

24. Fourth, a claim for "personal injury or death" must not be "caused wholly or partly by a negligent or wrongful act of the claimant, his agent, or his employee; or, if so caused, allowed only to the extent that the law of the place where the act or omission complained of occurred would permit recovery from a private individual under like circumstances." 10 U.S.C. § 2733(b)(4).

25. Fifth, and finally, the claim must be "substantiated as prescribed in regulations of the Secretary concerned." 10 U.S.C. § 2733(b)(5).

26. Shawn Bogen's claim on behalf of Andrew Bogen for his personal injury and death is compensable under 10 U.S.C. § 2733(a)(3).

27. It also complies with all the requirements of 10 U.S.C. § 2733(b).

28. On February 6, 2024, Shawn Bogen received a reply from Stephen J. Eriksson of the United States Department of the Air Force, Chief, Foreign Torts and Litigation Branch, Medical, Tort, and Personal Property Division.

29. In the letter, Mr. Eriksson informed Shawn Bogen that based on Department of Defense Instruction ("DoDI") 5515.08, the Department of the Air Force has responsibility for adjudication of tort claims against the United States arising in Japan.

30. Thus, pursuant to DoDI 5515.08 and his role as Chief, Foreign Torts and Litigation Branch, Medical, Tort, and Personal Property Division, Mr. Eriksson implicitly represented in the letter that he was acting under authority delegated to him by the Defendant acting Secretary of the Air Force.

31. Mr. Eriksson stated:

> In light of when and where the overseas death of your husband occurred, there is a substantial question whether the Federal Employees' Compensation Act ("FECA"), Title 5, U.S. Code, Section 8101 et seq., covers your husband's death…Your present claim in tort will be held in abeyance in our office pending a final determination from the Department of Labor under FECA.

32. Mr. Eriksson's letter did not state that Shawn Bogen's claim on behalf of Andrew Bogen could not be brought under 10 U.S.C. § 2733(a)(3).

33. Nor did Mr. Eriksson's letter state that Shawn Bogen's claim on behalf of Andrew Bogen had failed to comply with any of the five requirements of 10 U.S.C. § 2733(b).

34. Nowhere in 10 U.S.C. § 2733 does it indicate that a FECA claim must first be submitted to the Department of Labor for the Secretary of the military department concerned, or that Secretary's designee, to pass judgment on an MCA claim.

35. On or about August 21, 2024, Shawn Bogen submitted through counsel to Mr. Eriksson a loss of consortium claim under the MCA based on Andrew Bogen's death.

36. The claim stated:

> On the evening of Monday, August 29, 2022, Mr. Andrew Bogen drowned to death at Purdy Pool, US Fleet Activities Yokosuka, which resulted in significant injury to his spouse, Mrs. Shawn Bogen. Due to the negligence of the on-duty lifeguards, Mr. Bogen was not promptly rescued from the pool despite showing clear signs of distress. This failure to act resulted in Mrs. Bogen experiencing severe physical pain, suffering, and inability to engage in daily activities. The wrongful death of Mr. Bogen has also indefinitely compromised Mrs. Bogen's martial [sic] relationship, including the loss of companionship, affection, and support…The wrongful death of Andrew L. Bogen, has resulted in a significant loss of consortium. Due to the wrongful death, Mr. Bogen cannot perform usual marital duties, including providing companionship, affection, and emotional support. Mr. Bogen's wife, Shawn Bogen, has been forced to suffer from emotional distress, loss of intimacy, diminished quality of life, inability to participate in shared activities, requiring her to assume additional duties, hampering her families [sic] dynamics.

37. This claim was also brought under, and compensable under, the MCA, 10 U.S.C. § 2733(a)(3).

38. And like the claim Shawn Bogen brought on behalf of Andrew Bogen, it complied with the requirements of 10 U.S.C. § 2733(b).

39. To date, neither Shawn Bogen nor her undersigned counsel has ever received any confirmation of receipt of that claim from Mr. Eriksson.

40. On or about November 22, 2024, Shawn Bogen sent a letter through counsel to Mr. Eriksson, requesting that he process her claims in a timely fashion, or confirm his intent to do so.

41. In the letter, Shawn Bogen stated through counsel,

> Respectfully, we dispute that the FECA covers the circumstances of Mr. Bogen's death. Under 5 U.S.C. 8102(a), the "United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." Thus, to be compensable under FECA, Mr. Bogen must have 1) been an employee of the United States who 2) died because of 3) an injury sustained while in the performance of that employment. There is no question that, as a Department of Defense Education Activity teacher, Mr. Bogen was an employee of the United States government. *See* 5 U.S.C. 8101(1) (defining "employee"). And Mr. Bogen is dead, because of injuries he sustained while swimming at the pool on Fleet Activities Yokosuka Naval Base. However, Mr. Bogen's death was not sustained in the performance of his employment. Your letter to Ms. Bogen states that Mr. Bogen "had this accident during the duty day for teachers at an on-base facility that he was authorized to use as a U.S. Government employee, and given his employment duty outside the United States, he appears not to have acted in any manner constituting a significant deviation from duty." However, your letter does not explain how swimming in a pool for his own recreation, exercise, and leisure advances the purposes of Mr. Bogen's employment by the United States as a Department of Defense Education Activity teacher.

42. For these reasons and others contained in the letter, Shawn Bogen requested that Mr. Eriksson process her claims under the MCA, as she had previously requested.

43. The letter closed by requesting a reply within "60 days (January 20, 2025) confirming that you have processed the claim under the MCA or intend to do so."

44. On January 10, 2025, Mr. Eriksson replied, stating that Shawn Bogen's MCA claims "will be held in abeyance in our office pending a final determination from the Department of Labor under FECA."

45. Mr. Eriksson also stated that Mrs. Bogen was to ""timely submit a FECA claim and notify me in writing when the FECA claim has been submitted," I am solely permitting an additional Sixty (60) Days from the date of this letter for you diligently to provide evidence of FECA claim submission on behalf of your client, Mrs. Bogen."

46. In his letter, Mr. Eriksson also stated,

> It should be noted that the U.S. Navy Criminal Investigative Service, during its investigation of the death, interviewed the Principal of the Yokosuka Middle School, who indicated that the duty day for her teachers was from 0715 hours to 1450 hours. Mr. Bogen traveled to and entered the pool at the on-base Government-provided swimming facility during his employment hours. In light of FECA coverage still a substantial question, resolution must occur, by law, on the basis of 5 U.S.C. Section 8128(b), in which the action of the Secretary of Labor or her designee is "final and conclusive for all purposes and with respect to all questions of law and fact" and "not subject to review by another official of the United States or by a court by mandamus or otherwise."

47. Mr. Eriksson thus indicated that he would continue to hold Shawn Bogen's MCA claims in abeyance.

48. None of the facts cited by Mr. Eriksson in his letter refuted Ms. Bogen's previous showing in her letter that Andrew Bogen's death was not sustained in the performance of his employment, as required by FECA. 5 U.S.C. § 8102(a).

49. Mr. Eriksson's letter did not state that either Shawn Bogen's claim on behalf of Andrew Bogen, or her own claim brought on behalf of herself, could not be brought under 10 U.S.C. § 2733(a)(3).

50. Nor did Mr. Eriksson's letter state that either Shawn Bogen's claim on behalf of Andrew Bogen, or her own claim brought on behalf of herself, had failed to comply with any of the five requirements of 10 U.S.C. § 2733(b).

***Plaintiff's First Claim***

**Action in the Nature of Mandamus to Compel Agency Action – 28 U.S.C. § 1361.**

51. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

52. Under the Mandamus Act, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361.

53. A court may grant mandamus relief if 1) the plaintiff demonstrates a clear right to relief; 2) the defendant has a clear duty to act; and 3) no other adequate remedy is available to the plaintiff. *Baptist Mem'l Hosp. v. Sebelius,* 603 F.3d 57, 62 (D.C. Cir. 2010).

54. Courts frequently consider the first two requirements in tandem and have held that a mandamus action will lie if a statute imposes a clear and indisputable duty upon an agency to act. *See Lovitky v. Trump,* 949 F.3d 753, 760 (D.C. Cir. 2020).

55. "Mandamus is an appropriate remedy only when the plaintiff's claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *See Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992).

56. A court may grant mandamus relief only if a plaintiff shows compelling equitable grounds. *In re Medicare Reimbursement Litig.*, 414 F.3d 7, 10 (D.C. Cir. 2005).

57. Here, Shawn Bogen has demonstrated: 1) a clear right to relief; 2) a clear duty to act by the defendant; and, 3) that no other adequate remedy is available. *Baptist Mem'l Hosp.,* 603 F.3d at 62.

58. First, Shawn Bogen has a clear right to relief. *Id.*

59. Under 10 U.S.C. § 2733(a)(3), the Secretary of a military department has the authority to "settle, and pay" any claim against the United States for the "personal injury or death"

caused by a member of that Secretary's military department "acting within the scope of his employment."

60. Shawn Bogen submitted two claims under the MCA: one on behalf of Andrew Bogen, for personal injury-wrongful death based on Andrew Bogen's death at the Purdy Fitness Center Pool on August 29, 2022, and one on behalf of herself, for loss of consortium following Andrew Bogen's death.

61. Both claims are compensable under 10 U.S.C. § 2733(a)(3).

62. Shawn Bogen's two claims complied with all the requirements of 10 U.S.C. § 2733(b).

63. For these reasons, Shawn Bogen has a clear right to have the Secretary of the military department concerned pass judgment on her claims.

64. Second, Mr. Eriksson is under a clear duty to act on Shawn Bogen's claim. *Baptist Mem'l Hosp.,* 603 F.3d at 62.

65. Mr. Eriksson serves as the Chief, Foreign Torts and Litigation Branch, Medical, Tort, and Personal Property Division, in the United States Department of the Air Force.

66. Under DoDI 5515.08, the Department of the Air Force has responsibility for adjudication of tort claims against the United States arising in Japan.

67. Thus, pursuant to DoDI 5515.08 and his role as Chief, Foreign Torts and Litigation Branch, Medical, Tort, and Personal Property Division, Mr. Eriksson is acting under authority delegated to him by the Defendant acting Secretary of the Air Force.

68. Under 10 U.S.C. 2733(a)(3), therefore, Mr. Eriksson has a clear and indisputable duty to either settle and pay or deny Shawn Bogen's MCA claims. *Lovitky,* 949 F.3d at 760.

69. He did neither. Instead, Mr. Eriksson insisted on two separate occasions – once on February 6, 2024, and again on January 10, 2025, – that Shawn Bogen "timely submit a FECA claim [to the Department of Labor] and notify me in writing when the FECA claim has been submitted."

70. Mr. Eriksson never indicated that either of Shawn Bogen's claims were not compensable under 10 U.S.C. § 2733(a)(3), or that they had failed to comply with the requirements of 10 U.S.C. § 2733(b).

71. 10 U.S.C. § 2733 does not require that a FECA claim must first be submitted to the Department of Labor for the Secretary of the military department concerned to pass judgment on an MCA claim.

72. Yet on February 6, 2024, Mr. Eriksson wrote: "Your present claim in tort will be held in abeyance in our office pending a final determination from the Department of Labor under FECA."

73. And on January 10, 2025, Mr. Eriksson wrote: "I am solely permitting an additional Sixty (60) Days from the date of this letter for you diligently to provide evidence of FECA claim submission on behalf of your client, Mrs. Bogen."

74. Mr. Eriksson has a clear and indisputable duty to either settle and pay or deny Shawn Bogen's MCA claims. *Lovitky,* 949 F.3d at 760. But he has so far declined to act on that duty, and he has indicated that he will not act on that duty unless forced to do so.

75. Third, no other adequate remedy is available to Shawn Bogen. *Baptist Mem'l Hosp.,* 603 F.3d at 62.

76. Shawn Bogen's claims are not compensable under FECA, or any other federal statute.

11

77. Under 5 U.S.C. § 8102(a), the "United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty."

78. Thus, to be compensable under FECA, Andrew Bogen must have 1) been an employee of the United States who 2) died because of 3) an injury sustained while in the performance of that employment. 5 U.S.C. § 8102(a).

79. But Andrew Bogen's death was not sustained in the performance of his employment. He was swimming in a pool for his own recreation, exercise, and leisure, which did not advance the purposes of Mr. Bogen's employment by the United States as a Department of Defense Education Activity teacher. *See* 5 U.S.C. § 8102(a)

80. Shawn Bogen's loss of consortium claim is also not compensable under FECA, as she did not suffer a "disability or death…resulting from personal injury sustained while in the performance of [her] duty" as an employee of the United States. *See id.*

81. Yet Mr. Eriksson is still insisting, without a statutory basis, that Shawn Bogen file a FECA claim, and refusing to either settle and pay or deny Shawn Bogen's MCA claims until she does so.

82. Shawn Bogen's request that Mr. Eriksson either settle and pay or deny her MCA claims "is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt." *Giddings*, 979 F.2d at 1108.

83. An action in the nature of mandamus is therefore "an appropriate remedy." *Id.*

84. Shawn Bogen has also demonstrated compelling equitable grounds for relief. *In re Medicare Reimbursement Litig.*, 414 F.3d at 10.

85. For all these reasons, Shawn Bogen is entitled to an order from this Court in the nature of mandamus compelling Mr. Eriksson to either settle and pay or deny Shawn Bogen's MCA claims. *See* 28 U.S.C. § 1361.

*Plaintiff's Second Claim*

**Action to Compel Agency Action Unlawfully Withheld or Unreasonably Delayed – Violation of 5 U.S.C. § 706(1).**

86. The allegations of the preceding paragraphs are incorporated by reference as if fully stated herein.

87. The Administrative Procedure Act ("APA") requires agencies to conclude matters "within a reasonable time." 5 U.S.C. § 555(b).

88. Under the APA, a federal court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

89. "A § 706(1) claim can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

90. Here, Mr. Eriksson has failed to either settle and pay or deny Shawn Bogen's MCA claim "within a reasonable time." 5 U.S.C. § 555(b).

91. On November 29, 2023, Shawn Bogen submitted *pro se* a personal injury-wrongful death claim under the MCA, based on Andrew Bogen's death at the Purdy Fitness Center Pool on August 29, 2022.

92. On or about August 21, 2024, Shawn Bogen submitted through counsel to Mr. Eriksson a loss of consortium claim under the MCA based on Andrew Bogen's death.

93. Instead of either settling and paying, or denying, those claims pursuant to 10 U.S.C. § 2733(a), DoDI 5515.08, and his role as Chief, Foreign Torts and Litigation Branch, Medical,

13

Tort, and Personal Property Division, Mr. Eriksson instead sent Shawn Bogen two letters, one on February 6, 2024, and another on January 10, 2025, indicating that she needed to "timely submit a FECA claim [to the Department of Labor] and notify me in writing when the FECA claim has been submitted."

94. But there is no requirement in 10 U.S.C. § 2733 that a FECA claim must first be submitted to the Department of Labor for the Secretary of the military department concerned to pass judgment on an MCA claim.

95. And Mr. Eriksson never indicated that either of Shawn Bogen's claims were not compensable under 10 U.S.C. § 2733(a)(3), or that they had failed to comply with the requirements of 10 U.S.C. § 2733(b).

96. Because Mr. Eriksson is refusing to either settle and pay, or deny, Shawn Bogen's MCA claims and is effectively rewriting 10 U.S.C. § 2733 to require Shawn Bogen to submit a FECA claim before he passes judgment on her MCA claim, Mr. Eriksson's refusal to either settle and pay, or deny, Shawn Bogen's MCA claims is both "unlawfully withheld [and] unreasonably delayed." 5 U.S.C. § 706(1).

97. The Secretary of a military department concerned is required to either settle and pay, or deny, claims brought under the MCA. *See* 10 U.S.C. § 2733(a).

98. Mr. Eriksson reviewed Shawn Bogen's MCA claims pursuant to DoDI 5515.08 and his role as Chief, Foreign Torts and Litigation Branch, Medical, Tort, and Personal Property Division, acting on behalf of the Defendant acting Secretary of the Air Force.

99. By indicating that he will neither settle and pay, nor deny, Shawn Bogen's MCA claims, Mr. Eriksson failed to take a discrete agency action that he is required to take. *Norton*, 542 U.S. at 64.

100. Shawn Bogen is therefore entitled to an order from this Court compelling Mr. Eriksson to begin the "unlawfully withheld [and] unreasonably delayed" process of determining whether to settle and pay, or deny, her claims under the MCA. 5 U.S.C. § 706(1).

### *Prayer for Relief*

WHEREFORE, Plaintiff prays that judgment be entered:

(a) Ordering Mr. Eriksson to either settle and pay or deny her MCA claims; and,

(b) Granting Shawn Bogen reimbursement for reasonable attorney's fees and costs arising out of this action; and,

(c) any other and further relief as the Court may deem, in the circumstances, be just and proper.

Dated February 14, 2025.          Respectfully submitted,

/s/*Dylan Thayer*
Dylan Thayer
DC Bar No. 90015821

/s/*David P. Sheldon*
David P. Sheldon
DC Bar No. 446039
Law Offices of David P. Sheldon, P.L.L.C.
100 M Street, S.E., Suite 600
Washington, DC  20003
Tel: 202.546.9575
Fax: 202.546.0135

*Attorneys for Plaintiff*